991 F.2d 802
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Paul Richard SMITH, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 92-3285.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 12, 1993.
Filed: April 22, 1993.
 
 Before McMILLIAN and BEAM, Circuit Judges and HAMILTON,* District Judge.
 PER CURIAM.
 
 
 1
 Paul Richard Smith appeals the District court's denial of his motion for habeas corpus relief under 28 U.S.C. § 2255. Smith was sentenced to seventy months imprisonment after he pled guilty to a drug offense pursuant to a plea agreement. In his section 2255 habeas corpus petition, he alleged ineffective assistance of counsel due to counsel's failure to investigate Smith's mental condition and failure to negotiate an agreement with the government to exclude certain incriminating statements from his sentence calculation under U.S.S.G. § 1B1.8. On appeal, he asserts that the district court erred in denying habeas relief and further erred by failing to hold an evidentiary hearing.
 
 
 2
 In order to show ineffective assistance of counsel, a petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment and that this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). With regard to the prejudice component, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Smith has not demonstrated that he was prejudiced by counsel's allegedly deficient performance. The government honored the plea agreement and moved for departure for substantial assistance, which permitted the court to depart downward to the statutory minimum of sixty months. Smith's original penalty range, after a reduction for acceptance of responsibility, had been 168 to 210 months. Under the circumstances, we agree with the district court that Smith has not shown prejudice.
 
 
 3
 Smith's argument that the district court should be reversed because it failed to hold an evidentiary hearing is also without merit. All of the information the court needed to decide Smith's claims was in the record. The court, therefore was not required to hold an evidentiary hearing. See Rules Governing Section 2255 Proceedings 8(a). Also, because petitioner has not shown "the kind of 'prejudice' necessary to satisfy the second half of the Strickland v. Washington test, the District Court did not err in declining to hold a hearing on petitioner's ineffective assistance of counsel claim." Hill v. Lockhart, 474 U.S. 52, 60 (1985).
 
 
 4
 Accordingly, the order of the district court is summarily affirmed. See 8th Cir. R. 47B.
 
 
 
 *
 The HONORABLE JEAN C. HAMILTON, United States District Judge for the Eastern District of Missouri, sitting by designation